STATE EX REL. RICHARD D. O'BRIEN v. GEORGE H. TERRETT
AND ANOTHER.[1]

December 10, 1915.

Nos. 19,569—(24).

**Nuisance — evidence of reputation.**

1. In an action to abate a nuisance under Laws 1913, c. 562, testimony of the general reputation of the premises involved is competent upon the question of their character and knowledge of it in defendants.

**Disorderly house.**

2. The character of the premises involved is properly proved by showing how they are conducted; that is, a disorderly house is properly proved to be such by showing that it is one.

**Same — evidence.**

3. The evidence is sufficient to support a finding that a nuisance was maintained upon the premises involved.

**Same — knowledge of appellants.**

4. The evidence supports a finding that the defendants appealing knew of such nuisance.

**Same — decision correct.**

5. The court properly ordered the nuisance abated and the issuance of an injunction and the imposition of the statutory penalty.

Action by the county attorney in the district court for Ramsey county to abate a nuisance, to enjoin the use of the building described as a house of ill fame and for a sale of all the furniture and movable property therein and to collect the statutory penalty of $300 against defendants Terrett. The case was tried before Olin B. Lewis, J., who granted a motion to dismiss the action as to defendant Mick, made findings and ordered judgment in favor of plaintiff. The motion of defendants Terrett to amend the findings and conclusions of law or for a new trial was denied. The motion of the state to modify the fifth conclusion of law so as to impose the statutory penalty of $300 upon

[1] Reported in 154 N. W. 1073.

the owner was denied. The motion of defendant Mick to amend the conclusions of law or for a new trial was denied. From the order denying their motion, defendants Terrett appealed. Affirmed.

*Thomas C. Daggett,* for appellants.

*D. E. Dwyer* and *A. E. Countryman,* for defendant Mick.

*Richard T. O'Brien,* County Attorney and *Patrick J. Ryan,* Assistant County Attorney, for respondent.

PER CURIAM.

Action under Laws 1913, p. 815, c. 562,[1] to abate a nuisance maintained on certain premises in St. Paul. There were findings to the effect that a nuisance was maintained by the defendant Daly, who was a tenant of the defendants Terrett, who leased from the defendant Mick, and that the Terretts knew of the nuisance, but that the defendant Mick did not. The conclusions of law directed a judgment of abatement and for a permanent injunction and the imposition of the statutory penalty of $300. The Terretts appeal from the order denying their motion for a new trial. They are the only appellants.

The abatement law was considered in State v. New England F. & C. Co. 126 Minn. 78, 147 N. W. 951, 52 L.R.A.(N.S.) 932, and State v. Ryder, 126 Minn. 95, 147 N. W. 953. A reference to these cases gives a general understanding of the law.

The appellants assign many errors. They will be disposed of briefly.

1. The court allowed testimony as to the general reputation of the premises in proof of their character and knowledge of it on the part of the defendants. The act makes general reputation competent evidence for such purposes. See also 1 Wigmore, Ev., § 78, 2 Id. § 1620. We are convinced that the state ought to have furnished the court better evidence of general reputation, if it desired to rely thereon. We cannot say that such as was produced was incompetent or without probative force.

2. The character of a place is properly proved by showing how it is conducted. What the occupants do and say and how they act characterize it. Such evidence is not hearsay. What was found when the raid

[G. S. 1913, §§ 8717-8726].

was made, and the character of the occupants, all were proper to be shown on the question whether a disorderly house was being maintained and this was one of the issues. One desirous of finding the real character of the house would avail himself of such proof as highly satisfactory; and there is no mystery in the administration of the law which requires its exclusion. The fact that by such proof a nuisance may be established involving the defendants in important consequences, does not affect the propriety or validity of the proof.

3. The evidence is sufficient to support a finding that the premises were conducted as a disorderly house and constituted a nuisance. There was evidence of their general reputation. There was evidence that they were the resort of street-walkers who made such occasional use of them as they had need. The use was open and notorious and unconcealed and long-continued. A different finding would have been surprising

4. The evidence supports a finding that the defendants who appeal knew of the use made of the premises. They conducted an all-night restaurant which was connected with the premises involved of which they were the lessees. Patrons could pass from the restaurant to the so-called hotel or from the hotel to the restaurant. The defendant in charge was about the restaurant and hotel. While there was a denial of knowledge the court, in the face of the notoriety of the use, was not required to accept it. A suggestion that they blinded themselves to the nuisance is sufficiently charitable. The finding is well supported.

5. The Terretts are the owners of a five-year lease and have a remnant expiring on May 1, 1916. The injunction properly runs against them and the nuisance was properly abated and the penalty of $300 was properly imposed. The owner Mick having been found without notice we see no reason why the Terretts may not resume their remaining leasehold estate by giving a bond under section 7 of the act if the court is satisfied that they are acting in good faith; otherwise there should be no use of the premises for any purpose for a year.

The record is in very much confusion and the work of reviewing it has been great. It is claimed that, by reason of certain findings, the Terretts may be prejudiced through subsequent litigation with Mick. All danger of this can be corrected by the court striking out some unnecessary findings so that no prejudice will result. Mick is and ought

to be satisfied with the result and should not be put in position to take an unjust advantage of the findings. Counsel for the state and the defendants may find it wise to get together before judgment and modify some of the findings and conclusions. Upon the going down of the remittitur it will be understood that the court has jurisdiction for such purpose.

Order affirmed.