## STATE EX REL. JOHN M. REES v. GOLDSTEIN & SMILOWEITZ.[1]

January 5, 1917.

Nos. 20,018—(167).

**Criminal law — abatement proceedings.**

Abatement proceedings. A lessee of the building, who sublet to the keeper, had knowledge of the use to which the premises were put and was fined $300. *Held*: His conviction was proper.

Abatement proceedings by the county attorney for Hennepin county in the district court for that county. The matter was heard before Hale, J., who made findings enjoining the further use of the premises as a disorderly

[1]Reported in 160 N. W. 783.

house, and imposing a penalty of. $300 against the proprietor and against Goldstein & Smiloweitz, copartners and interveners. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Edward A. Cooper and Joseph Kaminer*, for appellants.

*John M. Rees*, County Attorney, *and Knut T. Dahlen*, for respondent.

PER CURIAM.

The facts in this case, as disclosed by the record, are substantially as follows: Defendant Rosen at the time complained of was conducting a disorderly house within the premises occupied by her, and preceedings in abatement thereof were duly commenced under section 8717, et seq., G. S. 1913. The place so conducted was a nuisance and a violation of the statute, and subjected the parties connected therewith to the penalties thereby prescribed, and the Rosen woman, and others associated with her, were duly convicted thereof in the municipal court of the city of Minneapolis. It appears that defendants Smiloweitz & Goldstein were the owners of the long-time lease of the premises, and they sublet a part thereof to defendant Rosen, and within the premises so leased she conducted the nuisance. The trial court found as a fact that she so conducted the nuisance, and that defendants Smiloweitz & Goldstein had knowledge and notice thereof and failed to take steps to abate the same. The usual abatement judgment was ordered and entered in the proceeding, and among other things imposed upon defendants Rosen, Smiloweitz & Goldstein the penalty of $300, as prescribed by the statute. Goldstein and Smiloweitz appealed.

The questions presented do not require discussion. There was no error in the admission of evidence. The oral evidence of the conviction of the Rosen woman was not seasonably objected to, and the objection to the evidence of reputation was properly overruled. The evidence sustains the findings and the conclusions of law are supported by the findings of fact. Appellants' contention that as lessees of the building they are not within the statute, because not the owners of the fee, therefore not subject to the penalty, is disposed of by the case of State v. Terrett, 131 Minn. 349, 154 N. W. 1073.