## · STATE v. PAULINE ·NANICK.[1]

January 9, 1920.

No 21,662.

**Criminal law — keeping a disorderly house.**

1. To constitute the offense of keeping a disorderly house it must appear that disorderly acts are habitually permitted on the premises or that the house is kept as a place to which people may and do resort for the purpose of indulging in immoral or unlawful practices.

**Same — conviction sustained.**

2. The finding that defendant was guilty of the offense of keeping a disorderly house is sustained by the evidence.

From the judgment of the municipal court of Minneapolis, Montgomery, J., convicting her of the offense of keeping a disorderly house, defendant appealed. Affirmed.

*A. M. Cary,* for appellant.

*C. D. Gould,* City Attorney, *John T. O'Donnell* and *Thomas B. Kilbride,* Assistant City Attorneys, for respondents.

TAYLOR, C.

Defendant appeals from a judgment of the municipal court of the city of Minneapolis convicting her of the offense of keeping a disorderly house.

Whether the evidence is sufficient to sustain the conviction is the only question for consideration. The prosecution presented the testimony of two men who were found in the place and of two policemen who made the arrest, one of whom had previously visited the place as a detective. The defendant offered no evidence whatever.

Defendant contends that the evidence does not warrant the conclusion that she was the keeper of the house, nor the conclusion that the disorderly acts had been repeated to such an extent as to constitute the place a disorderly house within the meaning of the penal laws.

[1]Reported in 175 N. W. 693.

It appears from the testimony that defendant was in the building at all the times mentioned and that she told the officer who made the arrest that she was "running the place." This was contradicted in no way and was sufficient to sustain the finding that she was the keeper.

It is true, as contended by defendant, that the commission of single or isolated disorderly or immoral acts on the premises does not constitute the place a disorderly house within the meaning of the penal laws. To establish the offense of keeping a disorderly house, it must appear that acts injurious or offensive to the public are habitually permitted on the premises, or that the house is conducted as a place to which people may and do resort for the purpose of indulging in immoral or unlawful practices. But it is sufficient if, when the character of the culpable acts and the circumstances under which they were committed is taken into account, it appears that they were repeated often enough or were continued long enough to warrant an inference that the house was kept for the indulgence of such practices.

It appears without contradiction that on two occasions on the day of the arrest, in defendant's presence, a girl in the place solicited men to go upstairs and have intercourse with her for a stated price, that when the officers made the arrest this girl was found upstairs in a bedroom with one of these men who was partially undressed, and that, two days prior to the arrest, in the presence of defendant and another woman, this girl had made similar proposals to several men who were then in the place. The building was apparently occupied only by these women who kept a small stock of cigars and pop for sale. The proposals testified to were made by the girl at the counter. Some if not all of them were made to entire strangers who entered the place to make purchases. In the absence of any contradiction or explanation, we are of opinion that the facts testified to justified the court in concluding that defendant was keeping a disorderly house.

Judgment affirmed.