## CITY OF ST. PAUL v. MAUDE HARRIS.[1]

### October 28, 1921.

### No. 22,250.

**Keeping disorderly house — no attack on defendant's character, when.**

> The character of the defendant in a criminal prosecution cannot be attacked, until he puts it in issue by offering evidence of good character, and this rule applies, although the offense charged is the keeping of a disorderly house.

Defendant was charged with the crime of keeping a house of ill-fame, tried in the municipal court of St. Paul before Finehout, J., and a jury, and found guilty as charged in the indictment. From the judgment and sentence defendant appealed. Reversed.

*Gustavus Loevinger,* for appellant.

*Arthur E. Nelson* and *Eugene M. O'Neill,* for respondent.

TAYLOR, C.

Defendant appeals from a judgment of the municipal court of the city of St. Paul convicting her of the offense of keeping a disorderly house.

[1]Reported in 184 N. W. 840.

At the trial the prosecution was permitted to present evidence tending to prove the bad reputation of the defendant as a part of its case in chief. This is urged as reversible error.

No rule of criminal law is more thoroughly established than the rule that the character of the defendant cannot be attacked, until he himself puts it in issue by offering evidence of his good character. This rule was considered and applied in the recent case of State v. Nelson, 148 Minn. 285, 181 N. W. 850, where the authorities were considered and the reason for the rule indicated. The state concedes that such is the general rule, but insists that prosecutions for keeping a disorderly house or house of ill-fame are excepted from this rule. There is authority to that effect, but the weight of authority is to the contrary. 18 C. J. 1268, and cases there cited; 4 Enc. of Ev. 728. As there must be a new trial for the error in admitting this evidence, the other questions require no extended consideration. We will merely remark that evidence as to the reputation of the place and of the persons who frequented it was competent, State v. Smith, 29 Minn. 193, 12 N. W. 524; State v. Terrett, 131 Minn. 349, 154 N. W. 1073; State v. Rogers, 145 Minn. 303, 177 N. W. 358, and that there was sufficient evidence to sustain the verdict.

The judgment is reversed and a new trial granted.