## STATE EX REL. ED J. GOFF v. MINNEAPOLIS BREWING COMPANY AND ANOTHER.[1]

May 19, 1933.

No. 29,398.

*James Fleming,* for appellant.

*Harry H. Peterson,* Attorney General, *William S. Ervin,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for respondent.

*DIBELL, Justice.*

This is an action brought by the state in the district court to abate a nuisance maintained upon certain premises in the city of Minneapolis. There were findings against the defendants. The de-

[1]Reported in 248 N. W. 715.

fendant Fay appeals from the order denying her motion for a new trial. The proceeding was under 2 Mason Minn. St. 1927, § 10194, et seq. Neither defendant appeared. The defendant Minneapolis Brewing Company does not appeal. The trial court ordered a judgment for the abatement of the premises and property for one year but provided that the penalty of $300 provided by 2 Mason Minn. St. 1927, § 10206, should not be imposed against the premises or the defendants.

The only question is whether the evidence sustains the findings. One of the officers found the defendant Fay when he called at the premises. She was an inmate at least, and the jury could find that she was to some extent in charge. She pleaded guilty to a minor offense characteristic of the nature of the nuisance. The character of the place as a nuisance is not in doubt. It could be proved by what the officers saw and heard at the time of Fay's arrest and by general reputation. State ex rel. O'Brien v. Terrett, 131 Minn. 349, 154 N. W. 1073. The evidence connecting the defendant Fay with the nuisance is not strong, but within the cases it is sufficient. State v. Nelson, 157 Minn. 506, 196 N. W. 279; State v. Nanick, 144 Minn. 413, 175 N. W. 693; State ex rel. O'Brien v. Terrett, 131 Minn. 349, 154 N. W. 1073. She did not trouble herself to deny this fact as a witness. The statute, 2 Mason Minn. St. 1927, § 10201, refers to "owners, lessors, lessees, users and all those in possession of or having charge."

Order affirmed.