CITY OF ST. PAUL v. JAMES KEELEY.[1]

April 26, 1935.

No. 30,409.

[1]Reported in 260 N. W. 357.

Stacker & Stacker and William M. Serbine, for appellant.
John L. Connolly and Irving Gotlieb, for respondent.

STONE, JUSTICE.

Defendant appeals from a judgment convicting him of violation of an ordinance of the city of St. Paul.

The ordinance in question, No. 7537, provides for the licensing and regulation of the sale of intoxicating liquors. Section 20 provides that no "on sale" licensee shall sell after midnight, with a proviso that the prohibition shall not apply to the consumption of the liquor on the premises "during the period of one-half hour after the sale is prohibited." Defendant operates a "night club" and has an "on sale" license under this ordinance. His restaurant was found open at 3:15 a. m. with a number of patrons present at the bar and tables around the dancing floor.

If the conviction depended alone upon proof that beer was being consumed on the premises at the time, it could not be sustained. The trouble at that point is that the ordinance itself so defines "intoxicating liquor" or "liquor" as not to include beverages containing an alcoholic content of less than 3.2 per cent by weight or 4 per cent by volume. In "pre-prohibition" days it was the rule that in such a case proof of the consumption of beer would sustain a conviction. State v. Tisdale, 54 Minn. 105, 55 N. W. 903. But now that two kinds of beer are in common use, one of which the ordinance declares nonintoxicating and the other intoxicating,

the old rule can hardly be applied. If the beer being used or consumed contained less than the alcoholic content required to make it intoxicating under the ordinance, there could be no conviction without proof of the alcoholic content required to make it what the ordinance defines as intoxicating. Such ordinances could well contain a provision to the effect that the sale or use of any beer would be *prima facie* evidence that it was intoxicating. But this ordinance contains no such declaration.

■ But there is enough other evidence to sustain this conviction. Some of defendant's patrons were sitting at defendant's tables with "high ball glasses" in front of them. No food or food containers were in sight. At 3:15 a. m. in a "night club" such as defendant was operating, "high ball glasses" are not ordinarily used as containers of ice water, coffee, tea, or other nonintoxicating beverage. The presence of these glasses on the tables with the appearance of just having been emptied by defendant's guests, one of them a woman, with no food or food containers present, is enough, with the other evidence in the case, to sustain the conviction.

A prosecution for violation of a municipal ordinance such as this is not a criminal proceeding. It is only *quasi* criminal, and proof of guilt beyond a reasonable doubt is not required. State v. Nelson, 157 Minn. 506, 196 N. W. 279, and cases cited. In that situation and on the record in this case, we hold that the conviction is sustained by the evidence.

Judgment affirmed.