CITY OF ST. PAUL v. OSCAR MAHMOOD AND OTHERS.[1]

October 30, 1936.

No. 31,004.

[1]Reported in 269 N. W. 408.

*McMeekin & Quinn,* for appellants.

*John L. Connolly, Irving Gotlieb,* and *James F. Sullivan,* for respondent.

PER CURIAM.

Defendants were tried together and found guilty; the defendant Mahmood for keeping, and the other defendants for visiting, a disorderly house in the city of St. Paul.

The sole question raised by defendants is the supposed insufficiency of the evidence to sustain the conviction. It is contended that under State v. Reckards, 21 Minn. 47, and State v. Nanick, 144 Minn. 413, 175 N. W. 693, it was necessary to prove more than a single instance of acts denounced by the ordinance. The cases cited do hold that evidence of a single transgression of the ordinance does not establish the house wherein it occurs as a disorderly house. But the evidence of what took place at a particular time may be such that the trier of fact may fairly draw the conclusion that the place has been a disorderly house for some period of time—in short, that it is a house of ill-fame. In this case the court could find from the testimony of two police officers, detailed to investigate this place kept by defendant Mahmood on the second and third floors of 410½ Jackson street, St. Paul, that when they, at 1:45 a. m., entered the office of this so-called hotel and inquired if he had a couple of girls for them, defendant Mahmood replied he had one, but, if they were not particular, he could also provide a colored girl. One of the officers stated that a colored girl would suit him. Thereupon the officers were shown into the adjoining waiting room, and presently Mahmood returned with the other two defendants, one of whom was colored, and in introducing them told the colored one that her "friend" was the officer who had stated that a colored girl suited him. Mahmood told the women the numbers of rooms on the third

floor to be occupied, and when the parties went to the rooms designated each officer .inquired what the girl would charge. After haggling about the price for a few moments, each officer disclosed who he was and made the arrest. It then appeared that both women roomed there with their husbands. Without reciting any more of the details of the evidence, it is readily seen that the court could find that this was an established house of assignation. where at any hour men could be accommodated with women for immoral purposes, and that the defendant women were there for the same purpose.

It is to be noted that this prosecution is under an ordinance, and the same degree of proof is not required as in prosecutions for violation of a statute under an indictment or information. City of St. Paul v. Keeley, 194 Minn. 386, 260 N. W. 357.

The judgments are affirmed.

