## CITY OF ST. PAUL v. JOHN CAULFIELD.

94 N. W. (2d) 263.

January 9, 1959—No. 37,467.

*Louise Miller O'Neil,* for appellant.

*Marshall F. Hurley,* Corporation Counsel, and *John J. McNeil,* Assistant Corporation Counsel, for respondent.

THOMAS GALLAGHER, JUSTICE.

On October 23, 1957, defendant, John Caulfield, was tried in the municipal court of St. Paul on the charge of disorderly conduct in violation of a city ordinance. After the city had presented its evidence and rested, defendant rested, and his counsel then moved for dismissal on the ground that the city had failed to prove its case by a fair preponderance of the evidence. This was denied, and thereafter defendant was

found guilty by the court.

After advice as to defendant's previous record, the court sentenced him to the workhouse for 90 days and suspended 30 days of such sentence. This is an appeal from the judgment. Defendant contends that the trial court erred in receiving in evidence, over objection as to the sufficiency of the foundation therefor, testimony as to certain telephone conversations between the city's witness, Rita Hoschka, and a person whom she identified as the defendant; and that in any event her testimony with respect thereto, which was the only evidence linking defendant to a violation of the ordinance, was insufficient to constitute a fair preponderance of evidence necessary to convict.

The stipulation for settled case, which recites the testimony and proceedings in narrative form, indicates the following: On September 20, 1957, at about 1 a. m., Richard Hoschka, after drinking "a considerable amount" at Triviski's Bar in St. Paul, left and went into the adjacent alley because of illness. While he was there, one or more persons whom he could not identify attacked and severely beat him. Rita Hoschka, his sister, testified that at about 3 a. m. the same morning she received a telephone call at her home from a man who stated that shortly before he had "beaten up" her brother in the alley next to Triviski's Bar. At that time she was unable to identify the voice of the caller. Shortly thereafter, that same morning, she received another telephone call from the same person. He repeated the statement that he had "beaten up" her brother and talked further on the affair. During this second conversation, she testified, she recognized the voice of the caller as that of the defendant, John Caulfield, whom she had known before and with whose voice she was familiar. She then asked the caller if he were John Caulfield, and he denied that he was. Later, in the same conversation, the caller admitted that he was John Caulfield. On cross-examination she again testified that at the time of the second conversation she believed the voice of the caller to be that of John Caulfield, the defendant; and that she had known him before the conversation described but did not know him well. None of her testimony was disputed.

■ It is well settled that a conviction for violation of a municipal ordinance will be sustained if it is supported by a fair preponderance of

144

the evidence. City of St. Paul v. Mahmood, 198 Minn. 229, 269 N. W. 408; State v. Jamieson, 211 Minn. 262, 300 N. W. 809. It is not essential that such evidence establish guilt beyond a reasonable doubt as in other criminal proceedings. City of St. Paul v. Greene, 238 Minn. 202, 56 N. W. (2d) 423, 40 A. L. R. (2d) 812; City of St. Paul v. Keeley, 194 Minn. 386, 260 N. W. 357.

■ It is the rule in this state that the foundation for admission of testimony as to the identity of the voice of a telephone caller is sufficient when it appears that the witness to whom the telephone call is made testifies that he is reasonably certain as to the voice of such caller and can identify it. Katzmarek v. Weber Brokerage Co. 214 Minn. 580, 8 N. W. (2d) 822; William Deering & Co. v. Shumpik, 67 Minn. 348, 69 N. W. 1088; 2 Minn. L. Rev. 543; Annotation, 105 A. L. R. 326.

■ Here, the witness, Rita Hoschka, testified that in the second telephone conversation she recognized the voice of the caller and believed it to be that of John Caulfield, the defendant, whom she had known before. The fact that she was unable to recognize or identify the voice during the first conversation would affect the weight to be given her opinion but would not bar testimony that, after further talk with the caller during the second conversation, she finally recognized and identified his voice as that of the defendant. Of course, her testimony that the caller first denied and later admitted that he was John Caulfield would be entitled to no weight standing alone. However, the positive, definite testimony that she finally recognized the voice was sufficient foundation for her identification, separate and apart from such denial and admission. There was no denial of the truth of her testimony. It would follow that the court's finding of guilt is sustained by a fair preponderance of the evidence. The judgment appealed from is affirmed.

Affirmed.