STATE of Minnesota, ex rel. Robert M.A. JOHNSON, in his capacity as County Attorney In and For ANOKA COUNTY, Minnesota, James P. Hill, Public Safety Director for the City of Fridley, Minnesota, Respondents,

v.

Richard D. WISE, Defendant,

Stephan S. Day, individually and d.b.a. No. 1 Health Club, Appellant,

Jeanette Lorraine Day, et al., Defendants.

No. C4-85-506.

Court of Appeals of Minnesota.

Sept. 3, 1985.

Anthony C. Palumbo, Asst. Anoka Co. Atty., Anoka, for State of Minnesota, ex rel. Robert M.A. Johnson, in his capacity as County Attorney In and For Anoka County.

David P. Newman, Asst. Fridley City Atty., Fridley, for James P. Hill, Public Safety Director for the City of Fridley.

Randall D.B. Tigue, Minneapolis, for Stephan S. Day, individually and d.b.a. No. 1 Health Club.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from a temporary injunction issued on March 12, 1985 pursuant to Minn.Stat. §§ 617.33–.41 (1984). Appellant Stephan Day challenges the scope of the temporary injunction. We affirm in part, reverse in part and remand.

## FACTS

In February 1985, proceedings were initiated against the owners of the No. 1 Health Club, a massage parlor located at 6530 East River Road in Fridley, Minnesota. The purpose was to declare the property a public nuisance by way of prostitution and to abate the nuisance pursuant to Minn.Stat. §§ 617.33–.41 (1984). A temporary restraining order was issued against appellant on February 25, 1985. Respondents then moved for a temporary injunction to enjoin the operation of the club pending trial. A hearing on the motion was held on March 12, 1985.

Respondents introduced evidence showing that in the past three years there have been nine convictions for prostitution-related activities at the club, three outstanding bench warrants for prostitution-related arrests, and four arrests which are pending on similar charges. The evidence also showed that appellant, one of the club owners, was given notice that prostitution was occurring at the No. 1 Health Club. This notice was given by the Fridley City Attorney. Finally, the hearing showed that activities had taken place in violation of a prior permanent injunction which enjoined appellant and club customers from giving massages to club personnel.

Following the hearing, the trial court issued the temporary injunction stating that there were sufficient grounds to believe a nuisance existed at the No. 1 Health Club within the purview of Minn.Stat. §§ 617.-33–.41 (1984). The temporary injunction provided:

Defendants all and any other persons acting in concert or participation with them be, and hereby are, temporarily restrained and enjoined from conducting and maintaining a house of ill fame, assignation or prostitution at 6530 East River Road, Fridley, Minnesota, or elsewhere throughout the entire Tenth Judicial District, *and that the building and business located thereon be closed immediately until further order of this Court.*

(Emphasis supplied).

## ISSUE

Was the temporary injunction which ordered the closure of appellant's building

and business authorized by Minn.Stat. § 617.34 (1984)?

## ANALYSIS

1. The narrow issue presented concerns the proper interpretation of Minn.Stat. § 617.34 (1984), which provides:

When a nuisance is kept, maintained, or exists, as defined in sections 617.33 to 617.41, the county attorney or any resident of the county may maintain an action in equity in the name of the state of Minnesota, upon the relation of the county attorney or resident, to perpetually enjoin the nuisance, the person or persons conducting or maintaining the nuisance from further conducting or maintaining it, and the owner or agent of the building or ground upon which the nuisance exists, from further permitting the building or ground, or both, to be so used.

*Id.* More precisely, the question is whether section 617.34 authorizes abatement through closure of the building, or just the abatement of the nuisance occurring within the building.

Minn.Stat. § 617.33 (1984) clearly indicates that houses of prostitution, ill fame, and assignation are a public nuisance subject to abatement. Respondents contend that the evidence clearly shows the existence of a nuisance which is to be enjoined pursuant to Minn.Stat. § 617.34. They further argue that section 617.34 permits closure of the building in which the nuisance is located.

▪ 2. Respondents contend Minn.Stat. § 617.34 simply states that upon the proper finding, the court can temporarily direct that the building no longer be used. We disagree. The words "to be so used" clearly indicate that it is the nuisance occurring within the building against which a temporary injunction may issue. The correctness of this interpretation is further substantiated by the existence of Minn.Stat. § 617.37 (1984), which does clearly authorize the closing of a building. However, section 617.37 deals with an action in which a permanent injunction is sought. This involves a trial on the merits to establish the existence of the nuisance. *See State ex rel. O'Brien v. Terrett,* 131 Minn. 349, 351, 154 N.W. 1073, 1074 (1915).

3. Respondents point to prior orders directed at the health club which have gone unheeded. They argue a temporary injunction which merely enjoins prostitution would be ineffective and leave them without an adequate remedy at law. *See Scribner v. Allen,* 12 Minn. 148, 151 (Gil. 85, 87) (1867). This argument is without merit. The contention that there would be an inadequate remedy at law ignores Minn.Stat. § 617.36 (1984), which governs the enforcement of injunctions.

In case of the violation of any injunction granted under the provisions of sections 617.33 to 617.41, or of a restraining order or the commission of any contempt of court in proceedings under those sections, the court or, in vacation, a judge thereof, may summarily try and punish the offender. * * * A party found guilty of contempt under the provisions of those sections shall be punished by a fine of not less than $100 nor more than $3,000 or by imprisonment in the county jail for not less than three nor more than six months or by both fine and imprisonment.

*Id.*

▪ 4. Our holding here is limited. The trial court did not err by issuing a temporary injunction. The order that the building be closed, however, was not permissible at the temporary injunction stage. It deprives all use of the building and there could be other lawful uses of the building. Such a result is possible where a permanent injunction is sought pursuant to Minn. Stat. § 617.37. This matter should be accelerated to determine whether such a result is warranted.

## DECISION

The trial court did not err in issuing a temporary injunction pursuant to Minn. Stat. §§ 617.33–.41 (1984). The portion of the temporary injunction which ordered clo-

sure of appellant's building and business was not authorized by Minn.Stat. § 617.34 (1984).

We remand for proceedings in accordance with this opinion.

Affirmed in part, reversed in part and remanded.