## STATE v. LOUIS SCHUELLER.[1]

December 13, 1912.

Nos. 17,857—(5).

**Verdict sustained by evidence.**

In a prosecution for rape upon a female child under the age of consent, the evidence is *held* to support the verdict of guilty.

**Evidence of prior acts.**

Evidence of acts of intercourse between the parties immediately prior to the time relied upon by the state for conviction, and other than the act so relied upon, *held* competent and proper as tending to corroborate the charge made by complainant.

**Evidence of subsequent acts.**

Whether evidence of subsequent acts is admissible for the same purpose, quære? but the admission thereof under the circumstances stated in the opinion, *held* not prejudicial to defendant.

Defendant was indicted by the grand jury of Stearns county of carnally knowing and abusing a female child under the age of sixteen years, and tried before the district court for that county, Taylor,

[1] Reported in 138 N. W. 937.

Note.—Impeachment of character of prosecutrix for chastity by proof of prior acts of intercourse with defendant, see note in 30 L.R.A.(N.S.) 173.

J., and a jury which returned a verdict of guilty. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

John R. Donohue and William F. Donohue, for appellant.

Lyndon A. Smith, Attorney General, and J. B. Himsl, County Attorney, for the State.

Brown, J.

Defendant was convicted of the crime of rape upon a female child under the age of sixteen years and appealed from an order denying a new trial.

There is no controversy in the evidence that the child alleged to have been violated was about fourteen years of age, and under the age of consent, and no question that she became pregnant as the result of intercourse with some one at about the time charged in the indictment. Defendant was charged with being that person. And, though he denied having any improper relations with the girl, our examination of the record leads to the conclusion that the evidence made the question one of fact, and justified the jury in finding defendant guilty. We do not refer to the evidence in detail. It is unnecessary. The fact of intercourse with complainant, by defendant, probably with complainant's innocent consent, was shown by competent evidence, and the conviction must be sustained unless the record presents some reversible error in the rulings of the court on the trial.

1. The county attorney, in his opening statement to the jury, said that the state expected to show that defendant had sexual intercourse with complainant on several occasions during the months of August and September, 1911; the date charged in the indictment was September 10, 1911. Whereupon counsel for defendant moved for an order requiring the state to elect, if there was more than one act of intercourse, upon which act reliance would be had for conviction. The motion was denied and defendant excepted. The evidence offered was in harmony with the opening statement of the county attorney, and disclosed several acts of intercourse between the parties, all having taken place in the latter part of August and the early part of September, one of which occurred after the date mentioned in the

indictment. When the state rested, defendant again moved for an order requiring the state to elect upon which of the several acts of intercourse testified to the state would rely. The motion was granted, and the county attorney stated that reliance would be had upon the first act in September, the date of which was named in the indictment as September 10. Defendant at the same time moved to strike from the record all evidence of other acts of intercourse, which motion the court denied.

2. We discover no error in the refusal of the court to require the state at the opening of the trial to select a particular act of intercourse as the basis of the prosecution, and upon which reliance would be had for conviction. The indictment named September 10, 1911, as the date of the offense, and the only basis for the motion to require an election was the opening statement of the county attorney that he expected to prove several acts of intercourse at about that date. We think the motion was addressed to the sound discretion of the trial court, in the exercise of which we discover no abuse. It is not a case of several distinct offenses charged in separate counts in the indictment, but a case of one offense, and a single charge. There was no suggestion below that defendant intended to interpose the defense of an alibi, and the refusal of the court to require the state to fix upon some definite and specific act, in advance of the evidence coming in, in no way prejudiced defendant in the preparation or presentation of his defense, which consisted solely in a denial of improper relations with complainant. There was therefore no error in this ruling. State v. Willette, 78 Vt. 157; State v. Parish, 104 N. C. 679; Com. v. Barnes, 138 Mass. 511; State v. Acheson, 91 Me. 240.

The case of State v. Masteller, 45 Minn. 128, 47 N. W. 541, cited and relied upon by defendant is not in point. All that was before the court in that case was the question whether, after the state has offered its evidence relative to the commission of the crime charged and rested its case, and after a motion for a directed verdict by defendant on the ground that the evidence failed to show a public offense, the prosecution may then be permitted to reopen its case and present evidence of another and distinct offense, and sustain a conviction thereon. What was said in the opinion in that case had

reference to that state of facts. It is not, properly considered, an authority for the contention of defendant, that in a case of this character, an election must be ordered by the court at the opening of the trial, when requested so to do by the prisoner on trial.

There are authorities supporting defendant's contention. State v. Flaherty, 162 N. Y. 532; State v. Palmberg, 199 Mo. 233. But we prefer the rule of discretion, particularly in a case where there is no claim of an alibi, or other suggestion that knowledge of the precise date of the act is essential to the preparation or presentation of the defense.

3. Defendant further contends that the trial court erred in overruling objections to testimony tending to prove several acts of intercourse between the parties, and also erred in denying the motion to strike from the record all evidence of such acts save the one the state, at the close of the case, elected to rely upon for conviction. This contention is founded upon the general proposition that evidence of an offense, or offenses, separate and distinct from that upon which the defendant is on trial, is inadmissible against him. The rule is elementary and is applied by all courts, except where the evidence tending to show the separate and distinct offense tends also to corroborate in some substantial degree the specific charge made the basis of the indictment on trial.

The rule has not, however, been applied strictly in prosecutions for the so-called "sexual crimes," such as rape, adultery, incest and seduction. In that class of prosecutions the rule has been most liberally extended. Nearly all the courts admit evidence of other acts of intercourse in such cases, occurring before the date mentioned in the indictment, on the theory of disclosing the relationship between the parties, opportunity and inclination to commit the act complained of, and as corroborative of the specific charge. See note to People v. Molineux, (168 N. Y. 264) 62 L.R.A. 193, 329; Grabowski v. State, 126 Wis. 447, 105 N. W. 805; Blair v. State, 72 Neb. 501, 101 N. W. 17; People v. Abbott, 97 Mich. 484, 56 N. W. 862; State v. Trusty, 122 Iowa, 82, 97 N. W. 989. We follow and apply this rule, and hold that there was no error in the refusal of the court to strike out the evidence of prior acts of intercourse between complainant and

defendant. We may say however that evidence of this character should be confined to reasonable limits as to time, and be not of acts or conduct so remote as to render its corroborative force doubtful and uncertain. To what extent the state may go in this direction must rest in the sound discretion of the trial court. It should in no case be extended to matters having no relation in character to the charge made in the indictment. Whether the rule applies to a rape by force we need not determine.

4. The authorities are not in harmony upon the further question whether acts committed subsequent to the date relied upon for conviction are admissible. The evidence is held admissible by several courts of high standing. State v. Sebastian, 81 Conn. 1; Woodruff v. State, 72 Neb. 815, 101 N. W. 1114; People v. Castro, 133 Cal. 11, 65 Pac. 13; State v. King, 117 Iowa, 484, 91 N. W. 768. The majority of the courts, however, though admitting evidence of prior acts, exclude evidence of those occurring subsequent to the date charged in the indictment. It may well be doubted whether there is any real or substantial basis for the distinction. Yet we do not deem it necessary to determine the question in the case at bar. It appears from the evidence in the record before us that four acts of intercourse occurred between these parties, the precise date of any one of which complainant was unable to give. She was at that time under the age of fourteen years, and could not be expected to give accurate dates of occurrences happening some time prior to the trial. She testified that two of the acts took place the latter part of August, and two early in September, but she did not know the day of the week or the day of the month. That one act was subsequent to the date charged in the indictment appears only from the fact that the county attorney elected, at the close of the state's case, to rely for conviction upon the first act testified to by complainant as having occurred in September. Whether the second September act was as a matter of fact subsequent to the tenth, the date named, the evidence is not clear. In any event we are clear that no prejudice resulted from the refusal of the court to eliminate the evidence of that occurrence. All acts of intercourse took place within a period of four or perhaps five weeks; those happening before the date

charged were admissible, and that happening thereafter, made so by the election of the county attorney, doubtful on the authorities, but its retention in the case was without prejudice.

5. The other assignments do not require special discussion. There was no error in the refusal of the request to instruct the jury in reference to the rule of *falsus in uno falsus in omnibus*. The request incorrectly stated the rule, omitting the essential of wilfulness, and it would have been an erroneous statement of the law had it been given. State v. Henderson, 72 Minn. 74, 74 N. W. 1014. The court was not required to correct the request and make its language conform to the rule, and the evidence was not of a character to require the court of its own motion to draw the attention of the jury to the rule. The alleged error in the date of the offense, as charged in the indictment, is without merit. .

This covers all that it is necessary to say. We have fully considered all assignments of error, and discover no reason for granting a new trial, and the order appealed from must be affirmed.

Order affirmed.