## STATE v. MEYER ETTENBERG.[1]

### January 30, 1920.

### No. 21,454.

**Criminal law — attempt by accused to bribe witness evidence of guilt.**

1. An attempt by a person under an indictment for crime to bribe an adverse witness who is likely to be called at the trial to testify against him, is evidence of guilt and may be so considered by the jury.

**Same — corroboration of accomplice.**

2. Such an attempt is sufficient corroboration of an accomplice upon whose testimony the prosecution relies for conviction.

**Same — arson — evidence of similar fire admissible.**

3. In a prosecution for arson for the deliberate burning of a clothing store, evidence that defendant suffered a similar fire three months earlier,

[1] Reported in 176 N. W. 171.

the plans and details of which, indicating deliberation, were the same as those of the fire in question, *held* admissible in corroboration of that tending to show the guilt of the charge on trial.

**Verdict supported by evidence — charge to jury.**

4. The evidence supports the verdict, and there were no errors in the rulings of the court in the admission or exclusion of evidence, or in the instructions to the jury.

Defendant was indicted by the grand jury of Hennepin county, charged with the crime of arson in the third degree, tried in the district court for that county before Jelley, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Albert H. Hall* and *Maurice Rose,* for appellant.

*Clifford L. Hilton,* Attorney General, *John E. Palmer,* Assistant Attorney General, and *William M. Nash,* County Attorney, for respondent.

BROWN, C. J.

Defendant was convicted of the crime of arson in the third degree and appealed from an order denying a new trial.

From sometime in 1914 until February, 1918, defendant conducted a general retail clothing store at No. 22 Hennepin avenue in the city of Minneapolis, the premises being occupied by him under a lease from the owner. On February 21, 1918, his stock of goods and fixtures were almost wholly destroyed by fire, as a result of which he received something over $10,000 insurance money. The term of his lease expired on March 1 following the date of the fire. Either before the fire or on the day thereof he leased the premises involved in this prosecution, No. 308 Nicollet avenue, and thereafter continued his business in the new location. The date of the lease was February 20, the day before the fire, though it is claimed that it was not procured until after the fire. But this is of no special importance. The fact remains that he continued his clothing business at the new location as soon after the fire as convenience would permit. About three months later, on June 23, 1918, he was again burned out, and his entire new stock wholly destroyed. It was insured for $15,000. The indictment charges that this fire was deliberately planned by defendant and the jury found the charge true.

During all the time stated defendant had one Grodnick in his employ as a clerk or salesman, acting as such at the Hennepin avenue and also the Nicollet avenue establishment. He was the chief witness for the state on the trial and gave evidence to the effect that, at the special instance and with the connivance and assistance of defendant, he arranged the details and set fire to the premises at the time and for the purpose stated in the indictment, and was compensated therefor by defendant. His testimony on the subject is full and complete as to time, manner and details. The plan which was carried out consisted in the accumulation of a lot of combustible material in the basement of the building, directly below the stock of goods, such as drygoods boxes filled with waste paper and other inflammable matter, including lace curtains, placing in one of the boxes a tallow candle, so timed when lighted as to bring results at an appropriate hour at night. The candle was lighted by Grodnick at about ten o'clock at night; the fire occurred early the next morning and the program of destruction was a complete success.

Grodnick also testified that he caused the fire at the Hennepin avenue store in the same manner at the instance and co-operation of defendant, the details and arrangements thereof being followed as to the fire in question. Defendant paid Grodnick $400 for that fire, and $200 for this one with a promise of $300 more when the insurance money came in.

Defendant was in Chicago on this occasion, though he had joined in the preparations for the fire which Grodnick carried out. He denied all the evidence given by Grodnick insofar as it tended to incriminate or connect him with the transaction, and it was urged in his behalf that Grodnick in collusion with one Willis had stolen large quantities of goods from the Nicollet avenue store, and that they caused the fire to cover their tracks and conceal the theft.

The assignments of error present the general questions: (1) Whether the evidence is sufficient to support the verdict of guilty; (2) whether there was error in the rulings of the court in the admission or exclusion of evidence; and (3) whether the court erred in its charge to the jury in the respects pointed out in the assignments. We dispose of them in the order stated.

If the testimony given by Grodnick is worthy of belief, a question for the jury, therein is a full and complete answer to the question whether

the evidence supports the verdict. His testimony directly connects defendant with the fire, and makes clear that the motive thereof was the money to be realized by defendant from the insurance of the destroyed goods. But as correctly contended by defendant, Grodnick was an accomplice and his testimony insufficient to sustain a conviction, unless corroborated by other credible evidence. Defendant contends that there was no such corroboration, and that presents the principal question in the case. We do not sustain the point.

It is unnecessary to restate the rule on the subject of corroboration in such cases. It is well understood and the extent to which it must go in support of the accomplice is clearly stated in our prior decisions. State v. Lawlor, 28 Minn. 216, 9 N. W. 698; Clark v. Clark, 86 Minn. 249, 90 N. W. 390; State v. Christianson, 131 Minn. 276, 154 N. W. 1095; State v. Price, 135 Minn. 159, 160 N. W. 677. Our examination of the record discloses several items of evidence tending strongly in corroboration of Grodnick. But it is unnecessary to encumber the opinion by their statement, for one outstanding item, namely, the attempt of defendant to bribe Grodnick presents itself as well nigh conclusive, and condemns the whole defense as a deliberate effort to procure from him a false affidavit contradictory of what defendant had good reason to believe he had divulged to the public prosecutor and grand jury, thus to destroy unfavorable evidence should he be called by the state as a witness. It has often been held that an attempt to escape by a person charged with the commission of a crime is evidence of guilt, and likewise an attempt to bribe an adverse witness. 8 R. C. L. 193; State v. Keith, 47 Minn. 559, 50 N. W. 691; State v. Brin, 30 Minn. 522, 16 N. W. 406; Turpin v. Comm. 140 Ky. 294, 130 S. W. 1086, 30 L.R.A.(N.S.) 794, 140 Am. St. 378; State v. Case, 93 N. C. 545, 53 Am. Rep. 471; Com. v. Snell, 189 Mass. 12, 75 N. E. 75, 3 L.R.A.(N.S.) 1019; Crowell v. State, 79 Neb. 784, 113 N. E. 262.

It appears from the record that the occurrence of the second fire so soon after the first, under circumstances and conditions substantially the same, created a suspicion that it was incendiary, and the public authorities set in motion efforts to ferret out the truth in the matter. To that end attention was turned to Grodnick, known as defendant's clerk, and by methods not necessary to here enlarge upon, involving no doubt

to some extent "third degree work" as practiced by police departments throughout the country, succeeded in getting from him a statement of facts surrounding each fire, in substance and effect as heretofore stated. The day set for the trial was approaching. Defendant knew that Grodnick had testified before the grand jury, his name was indorsed on the indictment, and that in all probability he would be called as a witness by the state on the trial. He also knew that Grodnick was in close touch with the officers of the law, and could not be depended upon in support of the defense, and the attempt to destroy him as a factor by bribery was resorted to. The evidence makes it clear and the jury were fully justified in finding that defendant gave to his chief counsel, Hall, $1,000 to be used for the corrupting purpose. The services of one Liss were enlisted, who, following plans laid out by Hall and defendant, made the effort to procure from Grodnick an affidavit that defendant had nothing to do with either fire. He paid over to Grodnick as an inducement the sum of $500. That an attempt to accomplish this was under way was within the knowledge of the prosecution, and at the time the money was paid over officers were conveniently present and promptly arrested Liss. He was subsequently convicted of the crime and the conviction was affirmed on appeal to this court.[1] The corroboration was sufficient.

2. It is contended that there was error in the admission of evidence showing the fire at the Hennepin avenue store, in that it violated the rule excluding evidence of other crimes in such cases. The point is not sustained. The rule is thoroughly settled in this and other jurisdictions that evidence of other crimes is admissible in criminal prosecutions when of the same general character and tends in some degree in corroboration of the charge on trial. The evidence here complained of comes within the rule and was properly admitted. State v. Monroe, 142 Minn. 394, 172 N. W. 313; Chapman v. State, 112 Ga. 56, 37 S. E. 102. The plan of both fires was the same, the details of the first being closely followed in the second, and disclosed a definite and deliberately laid scheme to accomplish the object desired in each instance. There was no error in admitting the evidence. Dunnell, Minn. Dig. and 1916 Supp. § 2459; State v. Smith, 144 Minn. 348, 175 N. W. 689.

3. The further contention that there was error in the exclusion of evidence offered by defendant to show that the Hennepin avenue fire

[1][State v. Liss, 145 Minn. 45, 176 N. W. 51.]

resulted in a substantial loss to defendant over and above the insurance, and that the prosecuting attorney was guilty of prejudicial misconduct in urging the contrary thereof upon the attention of the jury in his closing address, is without special merit and is not sustained. Defendant was a witness in his own behalf and was permitted to state fully the facts in respect to the fire, the value of the stock and fixtures, the insurance thereon and the amount paid by the insurance company. There was considerable evidence given by Grodnick to the effect that invoices of goods purchased for that store had been tampered with before the fire, the prices changed to amounts larger than had been paid by defendant. This was disputed by defendant, and his claims as to the loss were fully stated to the jury. There was no error in the exclusion of the evidence of an insurance adjuster called by defendant. He knew nothing of the stock immediately before the fire, and his testimony as to appreciation in the value thereof, caused by war conditions was opinion evidence based upon information gained from dealers, and there was no error in excluding it.

4. The further contention that there was error in the rejection of evidence offered by defendant to show that Grodnick and Willis had conspired to rob the store of large quantities of goods, and had burned the Nicollet avenue store to cover their tracks, and also that the court erred in not permitting the interest of the insurance company to be considered by the jury, present nothing of a serious nature and do not require comment. There was no substantial evidence either offered or received of any conspiracy between Grodnick and Willis. The interest of the insurance company was before the jury, for it appeared that the property was insured, and the fact was subject to comment by counsel. Defendant was in no way deprived of the right of such comment, and the court committed no error in the statement to the jury that the insurance company was not to be censured for aiding by lawful means the discovery of truth in respect to the origin of the fire.

This covers the case and all that need be said in disposing of the appeal. The evidence abundantly supports the verdict, there were no errors on the trial, either in the admission or exclusion of evidence or in the instructions to the jury. Further mention of the various assignments of error is unnecessary. We have considered them all with the result stated. Order affirmed.