STATE v. EDWARD H. GOLDEN.[1]

January 27, 1928.

No. 26,331.

**Evidence sufficient to sustain verdict of guilty.**

1.   The evidence sustains the finding of the jury that the defendant participated in the burning of an automobile, planning and arranging it himself, the method being to manipulate or adjust the carburetor so that a leakage would result and the auto would take fire and burn when driven rapidly, especially if so driven against a strong wind.

**Evidence of defendant's burning of another automobile competent.**

2.   It was competent to show that a few months before an auto driven by the defendant under similar circumstances and conditions, in the same vicinity, had burned, in corroboration of the charge in the indictment, there being evidence that he told of a prior burning about that time similar to the one charged in the indictment.

**No error in denial of new trial because of new evidence.**

3.   There was no error, under the circumstances stated in the opinion, in denying the defendant's motion for a new trial upon the ground of newly discovered evidence based upon the claim that since the trial he had found the two carburetors and that their production would tend to prove the state's claim to be unfounded.

**No error in denial of new trial because inadmissible evidence was received.**

4.   There was no error in denying a new trial based upon the inadmissible evidence received without objection, or elicited by the defendant on cross-examination, or offered by himself.

[1]Reported in 217 N. W. 489.

Arson, 5 C. J. p. 581 n. 23.
Criminal Law, 16 C. J. p. 593 n. 73; p. 1146 n. 52; p. 1147 n. 65; p. 1206 n. 94.

See note in 3 A. L. R. 1544; 22 A. L. R. 1018; 27 A. L. R. 358; 2 R. C. L. 517; 1 R. C. L. Supp. 560; 4 R. C. L. Supp. 115.

Defendant appealed from an order of the district court for Hennepin county, Leary, J. denying his motion for a new trial. Affirmed.

*Brill & Maslon* and *E. F. Hughes,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *Floyd B. Olson,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

DIBELL, J.

The defendant was convicted of arson in the third degree and appeals from the order denying his motion for a new trial.

1. There is evidence that one Turnquist burned a Kissel auto late on the night of September 15, 1926, in the vicinity of Lyndale avenue and Sixty-fifth street, Minneapolis. The defendant did not take direct part in the burning, but the state's claim is that he arranged and planned for the burning and that Turnquist was his unscrupulous and foolish tool. There was insurance on the car, and defendant and Turnquist would gain by its destruction by fire.

There was evidence that the defendant planned to burn the car by so adjusting or manipulating the carburetor that a leakage would result, and that if the auto was then driven rapidly, especially if driven against the wind, it would take fire. There is evidence that Turnquist drove the auto as directed by Golden and that the predicted burning resulted. And there is evidence that there had been some adjustment or interference with the carburetor likely to bring about the result sought if the car were driven as directed.

Turnquist and Golden worked together. Turnquist's testimony alone is not enough, but he was corroborated; and the direct and circumstantial evidence in connection with his testimony so points to a proper finding of guilt that we need not discuss its sufficiency for the jury.

2.  The state was permitted to show the previous burning of another Kissel auto, owned and driven by Golden, on April 28 preceding, under a similar plan or arrangement and of the same general character. There is evidence that he had told others of having burned a car about that time and the method of doing it. If the evidence is believed, he boasted somewhat of the efficiency and safety of his method by which an auto was made to set itself on fire when driven. There is evidence of an adjustment or manipulation of the carburetor, so that the car in the April burning, as in this case, would set itself on fire when driven. The defendant gave his explanation, which admitted the burning but denied that it arose from anything but a natural or accidental cause. The evidence of the state was proper as showing a plan or scheme, a method unusual and strikingly similar to that in the case before us, and so tending to corroborate the charge of the indictment. State v. Ettenberg, 145 Minn. 39, 176 N. W. 171; State v. Monroe, 142 Minn. 394, 172 N. W. 313; 2 Dunnell, Minn. Dig. (2 ed.) § 2459.

3.  One ground of the motion for a new trial is newly discovered evidence. The defendant's claim is that after the trial he obtained possession of the two carburetors involved and that they show that the state's claim of interference with them is not sustained. The defendant was apprised of the state's claim near the beginning of the trial. No effort, so far as is shown, was made to get them then. The carburetors were not produced on the motion. There are affidavits that they were in a safety deposit vault and would be produced if a new trial were had.

The trial court was suspicious of the new evidence. It was thought uncertain in character and perhaps subject to fabrication. There had been some neglect in getting it. The granting of a new trial upon the ground of newly discovered evidence is largely discretionary with the trial court. 5 Dunnell, Minn. Dig. (2 ed.) § 7123, et seq. There is no difficulty in sustaining the court's holding in refusing a new trial upon the ground of evidence newly found.

4.  There was some incompetent evidence received, and complaint is made of it. About this it is enough to say that complaint is directed substantially against evidence either permitted or offered

by the defendant or disclosed on the cross-examination in his behalf of other witnesses. It may have been good policy from the defendant's standpoint to receive the evidence. The decision was one to be made at the time and not now. The character of the testimony mentioned included evidence of the partial or attempted burning of the defendant's house, a matter apparently of not great importance, drawn from the cross-examination of a witness for the state. The evidence of the burning of a car owned by one Neumeyer, also a matter of not great importance, was permitted by the defendant on the part of the state's witnesses and gone into at length by the defendant on his cross-examination of them. The evidence was not of much significance and apparently of no value except for the claim that afterwards he bought a car of the defendant, and there was a failure to prove wrongdoing if he did. There was no error under the circumstances stated.

There was considerable evidence of the defendant's good character. There was a charge upon it, and we assume the evidence was considered by the jury as it should have been. The case presented a jury question, and the verdict is sustained.

Order affirmed.

HILTON, J. took no part.