# STATE v. WILLIAM HANEY.[1]

April 13, 1945.

No. 33,993.

[1]Reported in 18 N. W. (2d) 315.

H. N. *Jenson,* for appellant.

J. A. A. *Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, and *Lowell W. Benshoof,* Acting County Attorney, for the State.

MATSON, JUSTICE.

The defendant, convicted of the crime of carnal knowledge of a female child of the age of slightly more than 14 years, appeals from an order denying a new trial on the grounds of errors of law in the admission of evidence, misconduct of the prosecuting attorney, insufficiency of evidence to sustain the verdict, and newly discovered evidence.

Defendant, as a basis for his contention that he should be granted a new trial, includes two closely related assignments of error, namely, the misconduct of the county attorney and errors of law in the admission of evidence. Clearly, it was improper to ask questions repeatedly as to defendant's relations with other girls. Subject to certain exceptions, evidence against the accused should be confined to the specific offense, and no evidence should be received as to his commission of other independent and disconnected acts, whether criminal or merely meretricious. State v. Friend,

151 Minn. 138, 186 N. W. 241; 32 C. J. S., Evidence, § 579; 44 Am. Jur., Rape, § 79; Jones, Evidence (3 ed.) §§ 143, 144, and 145.

■ In the discretion of the trial court, as an exception to the rule, evidence as to independent and disconnected acts may be received for the specific purpose of affecting the credibility of the accused if its effect upon credibility is not too remote or if its probative value is not outweighed by the risk that its admission will (a) necessitate undue consumption of time, or (b) create a substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or (c) if it does not unfairly surprise the accused when he has not had reasonable ground to anticipate that such evidence would be offered. State v. Tsiolis, 202 Minn. 117, 277 N. W. 409; State v. Taylor, 144 Minn. 377, 175 N. W. 615; Matthews v. Hershey Lbr. Co. 65 Minn. 372, 67 N. W. 1008; Jones, Evidence (3 ed.) §§ 826, 837, 840, and 842. See, Am. L. Inst., Model Code of Evidence, Rule 303.

■ As another exception to the rule, the trial court in its discretion may admit evidence relevant and competent to the proof of the offense in issue, although such evidence incidentally and inseparably involves proof of the commission of a separate and independent offense. This exception is illustrated by State v. Shtemme, 133 Minn. 184, 186, 158 N. W. 48, 49, wherein the accused was charged with carnal knowledge of Viva, and testimony showing a similar carnal act with Florence, *in the presence of Viva,* and other girls was admitted. The court, in admitting the testimony for the purpose of showing the defendant's conduct and purpose toward Viva and as corroboration, said:

"* * * There can be no question that both prior and subsequent conduct in respect to Viva, *reasonably near to the offense charged,* was proper evidence (State v. Schueller, 120 Minn. 26, 138 N. W. 937; State v. Roby, 128 Minn. 187, 150 N. W. 793; Ann. Cas. 1915D, 360); and behavior toward the girls *when Viva was one of them,* would seem equally proper testimony." (Italics supplied.)

20 Am. Jur., Evidence, § 309. See, State v. McClendon, 172 Minn.

106, 214 N. W. 782; State v. Nelson, 148 Minn. 285, 181 N. W. 850.

■ As another exception, evidence of a separate and independent crime is admissible if such crime is definitely the outgrowth of a plan or a system of similar crimes and such "evidence is admissible, not to establish the other crime, but as confirmatory of the evidence tending to show the commission by defendant of the one on trial." State v. Monroe, 142 Minn. 394, 398, 172 N. W. 313, 315; State v. Ettenberg, 145 Minn. 39, 176 N. W. 171; State v. Yurkiewicz, 212 Minn. 208, 3 N. W. (2d) 775; 20 Am. Jur., Evidence, §§ 310 and 314; Jones, Evidence (3 ed.) § 836. See, Am. L. Inst., Model Code of Evidence, Rule 311.

Here, the admission of evidence as to separate offenses with girls other than the complainant cannot be justified under any of the foregoing exceptions to the general rule. Other possible exceptions are not pertinent and need be given no consideration.

■ The state seeks to justify the admission of such evidence as to independent and disconnected offenses, under the ruling of this court in State v. Tsiolis, 202 Minn. 117, 277 N. W. 409. We held in the Tsiolis case that the accused, having himself introduced the subject of other offenses, was in no position to complain because the prosecuting attorney on cross-examination brought out facts and circumstances discrediting his story. In the instant case, the defendant did not himself introduce the subject of other offenses and thus open the door to such cross-examination. Upon direct examination, with respect to the specific offense charged, he was asked: "* * * did you, while you were out in the kitchen have sexual intercourse with this girl?" He answered: "I did not. Never at any time or any place did such a thing take place." Obviously his emphatic and sweeping denial was directed solely to the specific crime with which he was charged and not to any other possible offenses. His other testimony in rebuttal was of like tenor. Clearly, the door to cross-examination as to other offenses was not thereby opened, and the trial court erred in overruling defendant's objections thereto. This error was prejudicial to defendant's right to a fair trial.

■ Upon cross-examination, the prosecuting attorney persistently and repeatedly asked questions as to defendant's alleged misconduct with other girls. Although, with a few exceptions, objections to these questions were sustained, nevertheless, the net result necessarily was to create a prejudicial impression with the jury by insinuating that defendant was of a character likely to commit crimes of a nature similar to the one with which he was charged. It was very much like proving the crime in issue by proof of other independent and separate offenses. The state is not permitted by means of the insinuation or innuendo of incompetent and improper questions to plant in the minds of the jurors a prejudicial belief in the existence of evidence which is otherwise not admissible and thereby prevent the defendant from having a fair trial. State v. Rutledge, 142 Minn. 117, 171 N. W. 275; State v. Taylor, 144 Minn. 377, 175 N. W. 615; 5 Dunnell, Dig. & Supp. § 7103.

In view of the prejudicial errors in the admission of evidence and in the improper cross-examination of defendant by the state, no consideration need be given to the other assignments of error.

The order denying a new trial is reversed.