## DOROTHY M. LULEY v. FREDERICK T. M. LULEY.[1]

June 8, 1951.

No. 35,441.

*Laurence M. Nelson,* for appellant.
*Quinn & Springsted,* for respondent.

MATSON, JUSTICE.

Defendant in a divorce action appeals from an order denying a new trial.

---

[1]Reported in 48 N. W. (2d) 328.

Plaintiff brought this action June 1, 1949, for an absolute divorce on the ground of cruel and inhuman treatment and also for the custody of the parties' only child, Janine Rose Luley, born June 30, 1948. Defendant, alleging that plaintiff was guilty of cruel and inhuman treatment, counterclaimed for the same relief. Plaintiff and defendant, 32 and 48 years old respectively, were married in Kentucky on December 26, 1946, and since then have lived in St. Paul, Minnesota.

The trial court found that defendant was guilty of cruel and inhuman treatment against plaintiff and awarded her an absolute divorce from defendant, custody of the parties' minor child, $100 per month for the care and support of such child, and the use of, and the income from, the family residence. The trial court also found that plaintiff had committed certain acts of cruelty toward defendant, but determined that said acts were provoked by defendant's misconduct. Defendant made an alternative motion for amended findings or a new trial, which was denied. Defendant appeals from that part of the order denying a new trial.

We need consider only two issues, namely (1) whether the court erred in admitting evidence of an act of sexual perversion alleged to have been committed by defendant with a third person approximately five years prior to the marriage of the parties, *for the purpose of showing defendant's propensity or disposition to commit similar acts;* and (2) whether the findings of defendant's cruel and inhuman treatment against plaintiff are sustained by the evidence.

The trial court's findings of cruel and inhuman treatment by defendant are largely based on plaintiff's testimony that defendant is a sexual pervert, who during their married life has harassed plaintiff with improper requests for her assistance in acts of masturbation and fellation, with vulgar conversations and admissions of his participation in such acts of perversion with others, and by his declaration that he preferred the companionship of a certain male to that of his wife. In corroboration of plaintiff's testimony, the trial court, over the objection of defendant, permitted a witness to testify that about five years prior to the marriage of the parties

herein defendant had then attempted an act of sex perversion with him. The trial court ruled such evidence of a prior act to be admissible as showing defendant's habitual state of mind and propensities. This was prejudicial error. Subject to certain qualifications which have no application here,[2] it is the general rule that evidence that a person committed a similar but distinct crime or civil wrong on a different occasion is inadmissible for the purpose of proving that he is possessed of a propensity or state of mind that would naturally dispose him to commit the particular crime or civil wrong with which he is charged. It is not proper to raise a presumption of guilt on the ground that, having committed one wrongful act, the depravity it exhibits makes it likely he would commit another. This rule is followed in those jurisdictions—and they are decidedly in the majority—which hold that all evidence of a crime or civil wrong other than that with which defendant is charged is inadmissible, subject, however, to the few carefully limited exceptions relating to independent acts of illicit sexual intercourse between the *same* parties, or as to the proof of *motive, intent, plan or system, identity,* or *preparation.* Clearly, such evidence to prove the propensity of the accused to commit similar wrongs does not come within any of the exceptions.[3] Even in those jurisdictions which refuse to follow the general exclusionary rule and do admit evidence of other wrongful acts or crimes, where relevant, such evidence is held inadmissible when offered to show that the accused

---

[2]See, State v. Haney, 219 Minn. 518, 18 N. W. (2d) 315, in re evidence which is relevant to the offense in issue but which incidentally discloses other crimes; 20 Am. Jur., Evidence, §§ 311, 320; Jones, Evidence, Civil Cases (3 ed.) § 145; A. L. I., Model Code of Evidence, Rules 306, 311.

[3]See, State v. Schueller, 120 Minn. 26, 138 N. W. 937; State v. Haney, 219 Minn. 518, 18 N. W. (2d) 315; State v. Start, 65 Or. 178, 132 P. 512, 46 L.R.A.(N.S.) 266, wherein exceptions are discussed; Annotation, 167 A. L. R. 565; Jones, Evidence, Civil Cases (3 ed.) §§ 143–145; 20 Am. Jur., Evidence, §§ 309–318; A. L. I., Model Code of Evidence, Rule 311; 2 Dunnell, Dig. & Supp. §§ 3252, 3253.

is possessed of a propensity to commit the particular wrong with which he is charged.[4]

In the adjudication of sexual offenses, particular caution must be exercised lest the law in pursuing the guilty deprive the innocent of their rightful protection. The rule must be the same in both instances. In the Start case (cited in footnote 3), the Oregon supreme court appropriately said (65 Or. 192, 132 P. 516):

"The relation of the sexes is so closely allied to all that mankind holds dearest that it is very difficult to get men to think and act with judicial calmness in cases where that relation is violated or debauched. * * *

"* * * Logically, under the rule announced by the court at the trial, it could make no difference in the principle if the defendant had been acquitted or convicted of the other offenses. They could be still put in evidence to show a criminal propensity on his part, and he compelled to again defend against them. In a large degree the effect of such a proceeding is to 'shut the gates of mercy on mankind,' so that if but once an individual suffers a lapse of virtue, thenceforward the law will pursue him with the vindictive zeal of a Javert, using a single accusation to wreak upon him the cumulative vengeance of a general inquisition."[5]

The error in the admission of evidence of a prior act of sexual misconduct was prejudicial and of itself requires the granting of a new trial. Furthermore, the findings of the court disclose that such evidence was accorded considerable weight, in that it was ac-

[4]For an excellent discussion, see Julius Stone, *The Rule of Exclusion of Similar Fact Evidence: America*, 51 Harv. L. Rev. 988; A. L. I., Model Code of Evidence, Rule 311.

[5]The rule which excludes evidence of one wrongful act for the purpose of showing that the accused has a propensity to commit similar acts is one of long standing. As applied to the field of homosexual offenses, the continued application of the rule is justified by the results of recent scientific studies. See, Kinsey Pomeroy Martin, Sexual Behavior in the Human Male (1948) c. 21.

cepted as the basis for a determination that defendant had at the time of his marriage concealed such fact from plaintiff. Apparently the ultimate fact which was thought to be concealed was that defendant was then afflicted with a propensity to commit similar wrongs in the future. What part such evidence may have played in corroboration of plaintiff's otherwise unsupported testimony as to defendant's misconduct is not disclosed by the findings. Under the circumstances, the liberal corroboration rule of Graml v. Graml, 184 Minn. 324, 238 N. W. 683, can have no application. It follows that the findings of cruel and inhuman treatment on the part of defendant cannot be sustained.

The order of the trial court is reversed.

Plaintiff is awarded her costs and $200 attorney's fees upon this appeal.

Reversed.