STATE v. LEO DePAUW.[1]

January 7, 1955.

No. 36,418.

*Peterson, Karigan & Schneider,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Lowell J. Grady,* Assistant Attorney General, *Michael J. Dillon,* County Attorney, *Per M. Larson,* Assistant County Attorney, for respondent.

MAGNEY, COMMISSIONER.

Defendant was convicted of the crime of taking indecent liberties with and on the person of a nine-year-old girl. He appeals from the order denying his motion for a new trial.

There was testimony that defendant had taken indecent liberties with and on the person of three other children between the ages of seven and nine. It is not necessary to detail the evidence any further as the only question involved in the case is whether the defendant was denied his right to a fair and impartial trial because of certain remarks made by the prosecuting attorney in his closing argument to the jury.

The first remarks to which an exception is taken are as follows:

"* * * Do you think that Marcia Knight [the prosecuting witness], and remembering her on the witness stand—do you believe

[1]Reported in 68 N. W. (2d) 223.

she told the truth? Well, I do. I am absolutely convinced that Marcia Knight told the truth. Well then, members of the jury, if Marcia Knight told the truth, then this defendant didn't tell the truth."

This court has already passed upon a similar statement and done so adversely to defendant's contention. In State v. Wassing, 141 Minn. 106, 113, 169 N. W. 485, 488, the state's attorney in the course of his argument to the jury said:

"* * * 'I believe every word that girl has said and believe it at the bottom of my heart, because she has no interest in the case.' "

This court there said:

"* * * Exception is taken to this. The objection is not well taken. As stated in People v. Wirth, 108 Mich. 30, 66 N. W. 41: 'We are not aware of any decision which holds that an attorney may not state to the jury his belief that a witness is or is not entitled to credence, in a case where the testimony is conflicting, and the result depends upon which witnesses the jury find are truthful. A broad latitude must be allowed in such cases.' "

The prosecuting attorney later on in the argument said:

"And so then here we have brought before you many children who have, according to their testimony, been violated by this man. Well, are the parents—what do you think? Here are the parents sitting around here. Here are the mothers sitting around here. *What would you do if you found that your child had been violated?* I know. I am not asking for the answer, but I know what you would do, and I know that you, too, who are fathers here, you would do the same thing. And you might also feel that you ought to do more than that. *And I am not able to tell you, because it is evidence that I cannot get into evidence, but if I could bring it before you, [you] would learn something along that line, too. But do you wonder that mothers are up in arms?"* (Italics supplied.)

The nature of the charge against defendant is such that prejudice could easily be aroused. The charge itself arouses prejudice. Every

normal person abhors this crime against children. In determining whether the remarks of the prosecuting attorney in his closing argument to the jury are prejudicial, consideration must be given to the nature of the charge itself. When the prosecuting attorney asks: "But do you wonder that mothers are up in arms?", he has a basis for the question in the testimony of defendant himself when on direct examination he stated that, after his arrest, a police officer told him that several of the parents were up in arms. But just previous to this he asked this rhetorical question: "What would you do if you found that your child had been violated?" He answered his own question by saying, "I know. * * * and I know that you, too, who are fathers here, you would do the same thing. *And you might also feel that you ought to do more * * *.*" (Italics supplied.) Just what counsel had in mind is not clear. It may be that he had no intention of arousing prejudice against defendant, but whether he did or not, we think the statement prejudicial to a fair trial. Then he follows with:

"*\* * * And I am not able to tell you, because it is evidence that I cannot get into evidence, but if I could bring it before you, [you] would learn something along that line too.*" (Italics supplied.)

In other words he is telling the jury that he knows of facts that would help convict this man if he could show them such facts by testimony, which was not properly admissible. The jury was inferentially told that defendant ought to be convicted on evidence which the state presented plus facts of which counsel had knowledge but which could not be properly received. We think counsel went too far.

One other complaint is made; namely, that the prosecuting attorney stated to the jury:

"* * * I believe [defendant] * * * is * * * a deviate. * * * I am firmly convinced * * * this man needs medical attention [and] * * * psychiatric attention of the best kind, * * *."

From the evidence, such an inference could very properly be drawn. He continued:

"* * * He needs protection and he needs psychiatric care and medical care, and under our laws now, the law provides for that. But if you say he is not guilty, he will go on the way he is going. * * *

"* * * if you believe he is guilty, that he has done this to the children, then *by your verdict of guilty you will provide that care.*" (Italics supplied.)

In State v. Cole, 240 Minn. 52, 58, 59 N. W. (2d) 919, 922, a case involving the charge of rape, we said:

"But the most damning quality of this argument is the attempt to give the impression that defendant was to be found guilty if he had done *something* wrong."

In the instant case it is suggested that the defendant be found guilty in order that he might receive medical care.

In this case there is more than sufficient evidence to sustain a conviction. The defendant, however, denied the charges against him. The jury was out a long time. What part the prejudicial language played in bringing about a conviction, no one of course can say. But we are of the opinion that the cumulative effect of the remarks of the prosecuting attorney was to deprive the defendant of the fair and impartial trial to which he was entitled.

Order reversed and new trial granted.