## STATE v. LEO J. DePAUW.[1]

December 30, 1955.

No. 36,659.

*Peterson, Karigan & Schneider,* for appellant.

*Miles Lord,* Attorney General, *George M. Scott,* County Attorney, *Per M. Larson,* Assistant County Attorney, for respondent.

NELSON, JUSTICE.

Defendant was accused of having committed the crime of indecent assault in violation of M. S. A. 617.08 on the person of a 9-year-old girl. It is unnecessary to go into the procedural history with the exception of noting that the case was appealed to this court from a prior conviction, State v. DePauw, 243 Minn. 375, 68 N. W. (2d) 223, and a new trial was granted because of prejudicial statements made by the prosecuting attorney in the closing argument to the jury. In that case there was testimony that defendant had taken

---

[1]Reported in 74 N. W. (2d) 297.

indecent liberties with and on the person of 3 other children between the ages of 7 and 9. No issue was raised on that appeal as to the admission of direct testimony as to similar offenses committed upon children other than that charged in the indictment.

At a retrial of the case 4 children other than Marcia J. Knight and her sister Gail Knight, ranging between the ages of 8 and 9, testified that defendant had taken indecent liberties with and on their person, similar to the occurrences related by members of the Knight family. Such acts were similar even if independent and disconnected acts and followed a pattern occurring from a few months to less than a year of the time when the defendant took indecent liberties with Marcia Knight. The defendant was again convicted at the retrial and then moved for a new trial on the grounds that the testimony as to other offenses was inadmissible and that allowing it was error and prejudicial to the extent of depriving the defendant of his right to a fair trial. He assigns as error on his second appeal: (1) That the trial court erred in allowing in as evidence testimony of children other than the complainant as to other similar but disconnected acts by the defendant upon them; (2) that the trial court erred in charging the jury that they should consider the evidence as to other offenses only in determining the plausibility or possibility of defendant having committed the act charged in the indictment; and (3) that the trial court erred in refusing to grant the defendant a new trial.

We do not deem it necessary to give a detailed summation of the evidence as the only question involved in this case is whether the defendant was denied the right to a fair and impartial trial because of the admission of the evidence of which he complains, that is, with respect to other children testifying as to similar acts committed upon them.

All of the alleged acts constituting indecent liberties took place in one and the same house, namely, the DePauw house where the defendant lived. The testimony of all the children involved leads to the conclusion that the defendant followed a common pattern with children living in the immediate neighborhood, children who played

with the defendant's adopted son and who were admitted into the DePauw house from time to time. The evidence indicates a method and type of indecent liberties, all seemingly related to each other in motive, identity, scheme, and plan.

The state relies in the main upon State v. Sweeney, 180 Minn. 450, 231 N. W. 225, 73 A. L. R. 380, and cases bearing upon similar situations which have been decided by this court. In that case this court discussed the rule regarding the reception of evidence of similar acts or crimes—and exceptions to the rule—and stated in part (180 Minn. 455, 231 N. W. 227):

"* * * The rule [general rule], however, like most rules, has certain exceptions not to be stated categorically but among which evidence of other crimes is admissible to prove the accusation when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) the identity of the accused, (5) sex crimes, (6) a common scheme or plan embracing the commission of similar crimes so related to each other that proof of one or more of such tends to establish the accusation. Such is the common law."

The last two exceptions dealt with in the Sweeney case are applicable here. It is not in the instant case a question of establishing the propensity to commit the crime nor the identity of the defendant. The evidence involves acts criminal in their nature so related to each other that proof of one or more tends to establish the accusation. There is no difficulty in reaching the conclusion, from the evidence, that the defendant followed a common pattern of similar acts and conduct, amounting to a common scheme or plan, in committing the particular acts as shown by the record and that these come within the evidentiary exceptions set forth in the Sweeney case. We have here pursuit of the same method, in the same place, with similar acts committed upon small children between the ages of 8 and 9.

The general and well-established rule in criminal cases in this state is that evidence which in any manner shows or tends to show that the accused has committed another crime independent of that for which he is on trial is inadmissible, and we hold to that rule, subject to the exceptions set forth in State v. Sweeney, *supra,* which

are found applicable to the particular facts of the case at bar. State v. Bock, 229 Minn. 449, 39 N. W. (2d) 887; City of St. Paul v. Greene, 238 Minn. 202, 56 N. W. (2d) 423, 40 A. L. R. (2d) 812; State v. Thompson, 241 Minn. 59, 62 N. W. (2d) 512. Other cases may be cited without going into any extended recital of excerpts therefrom which fully establish the application of the exceptions herein contended for by the state. See, State v. Schueller, 120 Minn. 26, 29, 138 N. W. 937, 938; State v. Shtemme, 133 Minn. 184, 186, 158 N. W. 48, 49; State v. Haney, 219 Minn. 518, 18 N. W. (2d) 315; State v. Monroe, 142 Minn. 394, 398, 172 N. W. 313, 315; State v. Ettenberg, 145 Minn. 39, 43, 176 N. W. 171, 172; State v. Yurkie-wicz, 212 Minn. 208, 210, 211, 3 N. W. (2d) 775, 776; State v. Hacker, 153 Minn. 538, 191 N. W. 37; State v. Friedman, 146 Minn. 373, 178 N. W. 895, rehearing denied, 146 Minn. 380, 184 N. W. 272.

In State v. Haney, *supra*, this court confirmed the general applica-tion of the rule stated in State v. Sweeney, *supra*, which we have held to be applicable here, and in recognizing certain exceptions to the general rule, it said (219 Minn. 521, 18 N. W. [2d] 317):

"As another exception, evidence of a separate and independent crime is admissible if such crime is definitely the outgrowth of a plan or a system of similar crimes and such 'evidence is admissible, not to establish the other crime, but as confirmatory of the evidence tending to show the commission by defendant of the one on trial.'"

State v. Fitchette, 88 Minn. 145, 92 N. W. 527; 5 Dunnell, Dig. (3 ed.) § 2459.[2]

It is clear under our decisions, however, that facts must exist furnishing proof of a common scheme or plan before the evidence as to related crimes will be received. Such evidence is ordinarily of such prejudicial nature that in the absence of proof fairly estab-lishing a common scheme, plan, or pattern, the evidence ought not

[2]See the following cases from other jurisdictions: People v. Cosby, 137 Cal. App. 332, 31 P. (2d) 218; People v. Northcott, 209 Cal. 639, 289 P. 634, 70 A. L. R. 806; People v. Knight, 62 Cal. App. 143, 146, 216 P. 96, 97; Barnett v. State, 104 Ohio St. 298, 135 N. E. 647, 27 A. L. R. 351; State v. Tilden, 79 Wash. 472, 140 P. 680.

to be admitted. See, State v. Haney, *supra;* State v. Gulbrandsen, 238 Minn. 508, 57 N. W. (2d) 419.

The defendant cites as controlling cases in his favor: Luley v. Luley, 234 Minn. 324, 48 N. W. (2d) 328; State v. Haney, 219 Minn. 518, 18 N. W. (2d) 315; State v. Friend, 151 Minn. 138, 186 N. W. 241; State v. Rutledge, 142 Minn. 117, 171 N. W. 275. In Luley v. Luley, *supra,* the error in admitting testimony lay in the fact that the act to be shown had occurred 5 years prior to the marriage of the parties. The action was in divorce, and the testimony was introduced to show a disposition to commit the crime charged. In State v. Rutledge, *supra,* the evidence was not allowed because it was too remote in time. In State v. Haney, *supra,* it was held error to allow the prosecuting attorney to ask questions repeatedly as to defendant's relations with other girls. There was held to be no evidence as to any common plan or scheme, thus the case is distinguishable, but that case recognizes the exceptions enumerated in State v. Sweeney, *supra.* In State v. Friend, *supra,* the court held it was error to allow the prosecutrix to testify as to what the defendant had told her during the commission of the act charged. There was no evidence in that case of a common plan or scheme. Later cases have refined the rule stated in that case so that now it is clear that the general rule is one of inadmissibility but with certain specified exceptions, one at least of which presents itself on this appeal.

While a "common scheme or plan" probably is not too well defined, it would nevertheless seem that, where we have a common pattern as disclosed by the evidence here, it would hardly do violence to the exception to the general rule to recognize that defendant had a purpose of abusing small children in his neighborhood while they were in his house.

The separate and distinct acts to be admissible must have a reasonably close relation in scheme and pattern and in time to the act charged in order to be admissible under the common plan or scheme exception. The determination, however, of whether independent criminal acts are so closely connected with the crime charged as to be admissible is in the first instance a matter resting largely within

the discretion of the trial court, and this court will not reverse unless there is a clear abuse of discretion. Whether evidence which is otherwise admissible should be excluded for remoteness also rests largely in the discretion of the trial court. State v. Bock, *supra;* State v. Thompson, *supra.*

After carefully considering the record in this case, we have come to the conclusion that evidence of the conduct of taking indecent liberties with other children than the prosecutrix, at defendant's own house, in almost exactly the same manner, constituted evidence admissible as an exception to the general rule within the authorities herein cited. There is ample evidence to sustain the conviction. The order of the court below, denying a new trial, is affirmed.

Affirmed.