STATE of Minnesota, Respondent,

v.

Guy Phillip WENBERG, Appellant.

No. 49880.

Supreme Court of Minnesota.

March 7, 1980.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

ROGOSHESKE, Justice.

Defendant was found guilty by a district court jury on a charge of burglary, Minn. Stat. § 609.58, subd. 2(3) (1978), and was sentenced by the trial court to a maximum term of 5 years in prison. On this appeal from judgment of conviction, defendant contends that (1) his conviction should be reversed outright because the evidence on the issue of identification was legally insufficient or (2) he should at least be granted a new trial because the prosecutor committed prejudicial misconduct in his examination of certain witnesses and in certain statements he made in opening statement to the jury and in closing argument. We affirm.

1. Defendant first challenges the sufficiency of the evidence on the issue of identification. There is no merit to this contention. The owner of the burgled house drove into the driveway and observed the burglar at close range as he got into his car and drove away. She not only noted the color, type, and license number of the burglar's car but got a good look at the burglar and gave an extraordinarily detailed description of him, even stating the color of his eyes. The license plate number checked out to a car of the color and type described, and the owner, defendant, closely fit the description she gave. When she was shown a nonsuggestive photographic display of six photographs, including one of defendant, she instantly recognized and identified defendant. At trial, she positively identified defendant.

2-3. Defendant's other contention is that the prosecutor committed prejudicial misconduct in his examination of certain witnesses and in certain statements he made in his opening statement to the jury and in closing argument. Since defendant failed to object to any of these alleged "improprieties" he must be deemed to have forfeited his right to have this court consider these allegations on appeal. However, in the interests of avoiding future error, we note that the state—in responding to a claim by defendant that the prosecutor improperly asked two defense witnesses if they had ever been convicted of felonies—erroneously argues that a prosecutor always may ask a defense witness if he has any prior felony convictions even if the prosecutor does not have any evidence to rebut a denial. As we indicated recently in *State v. Pulkrabek*, 268 N.W.2d 561, 564 (Minn. 1978), a prosecutor who has no idea whether the witness has any prior convictions may not engage in a "fishing expedition" and ask even a general, noninsinuative question as to whether the witness has any prior conviction. The appropriate procedure under the Rules of Evidence is for the prosecutor to request a hearing outside the jury's presence, preferably before trial at the omnibus hearing, on the matter of whether any defense witness, including defendant,

may be impeached by prior convictions. *See* Minn.R.Evid. 103(c) and 609. The prosecutor may not ask a defense witness about a prior conviction unless the prosecutor can produce evidence, such as a certified copy of the judgment of conviction, to rebut a denial. While the prosecutor did not follow that procedure here, defense counsel did not object and therefore forfeited the issue for appeal and, further, the prosecutor's questions were noninsinuative in form and probably did not leave the jury with the impression that the two witnesses were lying when they denied having any prior convictions.

Affirmed.