**STATE of Minnesota, Respondent,**

v.

**Clifford Ordean DJONNE, Appellant.**

**No. 49503.**

Supreme Court of Minnesota.

May 16, 1980.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., App. Section, David W. Larson, Asst. County Atty., and Thomas Weist, Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.Stat. § 609.245 (1978), and was sentenced by the trial court to a maximum prison term of 20 years. On this appeal from judgment of conviction defendant contends that the evidence of his guilt was legally insufficient and that he was prejudiced by the prosecutor's cross-examination of him about a prior burglary conviction and by the trial court's failure to submit sua sponte the lesser offenses of aggravated assault and assault in addition to simple robbery, which was submitted. Holding that the evidence was sufficient and that defendant forfeited the other issues by failing to object, we affirm.

Defendant was positively identified by a number of witnesses as the man who attacked and beat the victim, who was intoxicated, and the only issue was whether he also took the victim's wallet in the process. The evidence that he did take the wallet was overwhelming.

The prosecutor did err in not seeking an on-the-record hearing, out of the jury's presence, before questioning defendant about his prior conviction for burglary in an attempt to impeach his credibility. *State v. Wenberg*, 289 N.W.2d 503 (Minn.1980); *State v. Pulkrabek*, 268 N.W.2d 561 (Minn. 1978). However, this failure by itself is not ground for reversal in this case.

Defense counsel, by failing to object to the impeachment evidence and by failing to request submission of the lesser offenses of aggravated assault and assault, is deemed to have forfeited his right to have these issues considered on appeal. However, we note that the evidence of defendant's guilt was so overwhelming that we

are convinced he still would have been convicted of aggravated robbery even if the prosecutor had not elicited the evidence of defendant's prior conviction and even if the lesser offenses of aggravated assault and assault had been submitted.

Affirmed.