STATE of Minnesota, Respondent,

v.

Conrad KEGG, Appellant.

No. 51069.

Supreme Court of Minnesota.

Nov. 7, 1980.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Barbara D. Gill, Sp. Asst. Attys. Gen., St. Paul, James A. Lavoie, County Atty., Milaca, for respondent.

TODD, Justice.

Defendant was found guilty by district court jury of charges of felonious assault with a dangerous weapon, Minn.Stat. § 609.225, subd. 2 (1978), and illegal use of nets to take game fish, Minn.Stat. § 101.42, subds. 11 and 18 (1978), which is a misdemeanor pursuant to Minn.Stat. § 97.55, subd. 1 (1978). The trial court sentenced defendant to concurrent prison terms of one year and one day to five years for the assault and 90 days for the game violation. Issues raised by defendant on this appeal

from judgment of conviction are (1) whether the evidence on the issue of intent to cause fear was legally insufficient, (2) whether defendant was prejudiced by the prosecutor's thwarted attempt to cross–examine defendant concerning his prior "troubles" with the law, (3) whether certain unobjected–to statements by the prosecutor in his closing argument constituted plain error requiring a new trial, and (4) whether the trial court erred in failing to submit, even without a request, the less serious offense of reckless use of a gun, Minn.Stat. § 609.66, subd. 1(1)(1978). We affirm.

■ Defendant's contention that the evidence of his guilt was legally insufficient is meritless, and defendant is deemed to have forfeited the issues concerning the allegedly improper statements by the prosecutor and the failure of the trial court to submit the less serious offense since defendant neither objected to the statements in question nor requested submission of any lesser offenses.

The only contention meriting discussion in any detail is defendant's contention that he was prejudiced by the prosecutor's improper cross–examination of him concerning his prior "troubles" with the law. The claim relates to the following:

Q   Have you ever been in trouble before with the law?

A   A few times.

Q   When was that?

MR. KEEGAN: Objection, Your Honor. May we approach the bench please?

THE COURT: Yes.

(Discussion off the record).

MR. KEEGAN: Your Honor, I would ask for an instruction to the jury that they disregard that question.

THE COURT: The jury is instructed to disregard the question asked of the prosecutor, and the response, if there was a response, is stricken from the record.

The error of the prosecutor appears to have been made in good faith. The prosecutor was not engaged in the kind of fishing expedition condemned by this court in *State v. Pulkrabek*, 268 N.W.2d 561 (Minn.

1978), and more recently in *State v. Wenberg*, 289 N.W.2d 503 (Minn.1980). Rather, it appears that the prosecutor knew that defendant had a prior record: specifically, a 1961 conviction for unauthorized use of a motor vehicle, and a more recent 1969 burglary conviction, pursuant to Minn.Stat. § 609.58, subd. 2(3)(1969), for which defendant was sentenced to a one–year jail term.

The error of the prosecutor was both in the form of the question and in asking the question without first seeking a hearing outside the presence of the jury on the matter of which of the two convictions, if any, would be usable to attack credibility. *See State v. Wenberg*, 289 N.W.2d 503 (Minn.1980); *State v. Pulkrabek*, 268 N.W.2d 561 (Minn.1978); *State v. Michaelson*, 298 Minn. 524, 214 N.W.2d 356 (1973); Minn.R.Evid. 103(c), 609.

■ If the prosecutor had sought such a hearing, then the court would have decided whether either of the two prior convictions could have been used to impeach defendant. It seems clear that the prosecutor could not have used the first one because under R. 609(b) too much time had elapsed and the prosecutor had not given the advance written notice of intent to use which is required whenever permission to use a conviction outside the 10–year rule is sought. As for the burglary conviction, whether the conviction would have been usable would have depended on two things. Under R. 609(a), a prior conviction, if not stale, is automatically admissible to attack a witness' credibility if the conviction directly involved dishonesty. The burglary conviction was not stale under the 10–year rule and so the question would have been whether burglary is a crime directly involving dishonesty. This is an issue which has not been decided by this court. Use of the balancing approach, on the other hand, would have required an initial determination whether the conviction was one for which defendant could have been sentenced to more than a year in confinement, something the record on appeals fails to establish.

We do not decide whether the burglary conviction could have been used to impeach defendant's credibility. We affirm, notwithstanding the erroneous questioning, because (a) defendant did not seek a mistrial, only a curative instruction, which the trial court gave, and (b) the evidence of defendant's guilt was sufficiently strong so that, especially with the curative instruction, it is highly unlikely that the error played a substantial role in influencing the jury to convict.

Affirmed.