Clifford DJONNE, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–564.

Supreme Court of Minnesota.

Oct. 11, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Rick Osborne, Beverly J. Wolfe, and William Neiman, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Clifford O. Djonne, age 37, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1978 petitioner was sentenced to 20 years in prison for the crime of aggravated robbery. That conviction was affirmed by this court in *State v. Djonne,* 293 N.W.2d 45 (Minn.1980). Petitioner apparently has been released from prison. His sentence is scheduled to expire in 1990.

Aggravated robbery is a severity level VII offense. It is unclear from the record whether petitioner's criminal history score in 1978, if the Sentencing Guidelines had been in effect, would have been two or three. If the score would have been two, then the presumptive sentence would have been 41 months in prison; if the score would have been three, then the presumptive sentence would have been 49 months in prison. In either case, if petitioner were resentenced to the presumptive term he would be entitled to immediate discharge from sentence.

Petitioner is a violent offender with a record of recidivism. He had the burden of overcoming these factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree. *State v. Champion,* 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.