**STATE of Minnesota, Respondent,**

v.

**Gregory Virgil FALLIN, Appellant.**

**No. C1–94–1829.**

Supreme Court of Minnesota.

Dec. 15, 1995.

John M. Stuart, Minnesota State Public Defender, Lawrence Hammerling, Deputy State Public Defender, University of Minnesota, Minneapolis, for appellant.

Hubert H. Humphrey, III, Attorney General, Mary J. Theisen, Assistant Attorney General, St. Paul, for respondent.

## OPINION

KEITH, Chief Justice.

In an unpublished decision, the court of appeals affirmed the defendant's conviction of and sentence for criminal sexual conduct in the second degree and two counts of use of minors in sexual performances. Defendant raised three issues in the court of appeals. We granted his petition for review for the limited purpose of addressing one of these issues: the prosecutor's surprise cross-examination of defendant about specific uncharged conduct on his part for the purpose of impeaching his credibility as a witness in his own defense. The court of appeals, upholding the trial court's reliance on Minn.R.Evid. 608(b) in permitting this cross-examination, rejected defendant's arguments (a) that the

prosecutor ought to give some notice of intent to cross-examine a defendant pursuant to the rule and (b) that the prosecutor should be able to provide the trial court with sufficient evidentiary support for asking the leading question alleging prior wrongdoing. We conclude that the trial court erred in permitting this cross-examination but that the error was harmless error beyond a reasonable doubt. Accordingly, we affirm defendant's conviction.

Minn.R.Evid. 404(a) sets forth the general rule that evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Rule 404(b) makes it clear that while evidence of other crimes or bad acts is not admissible to prove character of a person in order to show action in conformity therewith, it may be admissible for other purposes, *e.g.*, proof of motive, opportunity, intent, and absence of mistake. Rule 609 governs the admission of evidence of prior convictions to impeach the credibility of a witness, including a criminal defendant testifying in his own behalf. Rule 608(a) deals with admission of opinion and reputation evidence of the character of a witness. And Rule 608(b), the rule we are directly concerned with, deals with the admission of specific instances of the conduct of a witness.[1]

In *State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965), and in *State v. Billstrom*, 276 Minn. 174, 149 N.W.2d 281 (1967), we adopted procedural safeguards to govern the determination of the admissibility of other-crime evidence pursuant to Rule 404(b).

Those safeguards include written pretrial notice specifying the bases for admission of the evidence, a requirement that the proponent of the evidence prove the other crime by clear and convincing evidence, and a requirement that the trial court give a cautionary or limiting instruction at the time the evidence is admitted and as part of the final instructions. These rules were subsequently codified in Minn.R.Crim.P. 7.02. Among recent decisions, *State v. Bolte*, 530 N.W.2d 191 (Minn.1995).

With respect to Rule 609, the defense typically will have full disclosure in advance of trial of any prior convictions that the prosecutor might try to use to impeach defendant's credibility if defendant testifies.[2] We have also made it clear that the defendant is entitled to have the trial court make the determination of the Rule 609 issue outside the presence of the jury before the accused decides whether to testify. *See, e.g., State v. Wenberg*, 289 N.W.2d 503 (Minn. 1980). If the defendant takes the stand without having requested a ruling on the impeachment use of prior convictions, the prosecutor still is not free to go on a "fishing expedition" and ask the defendant if he has any prior convictions. In *State v. Pulkrabek*, 268 N.W.2d 561 (Minn.1978), we addressed the issue of whether the prosecutor erred in asking the defendant if he had "ever been arrested or convicted of a theft prior to this incident." We said:

> It is clear that this question was improper. This court has stated on a number of

---

1. Rule 608(b) reads as follows:
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
 The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or witness' privilege against self-incrimination when ex-

amined with respect to matters which relate only to credibility.

2. While the state's notice of intent to use other-crime evidence need not include offenses for which the defendant was previously prosecuted or that may be offered in rebuttal of the defendant's character witnesses, the state must give advance notice of its intent to use such evidence if the defendant requests discovery, as most defendants do. *State v. Johnson*, 322 N.W.2d 220 (Minn.1982). Moreover, Minn.R.Crim.P. 9.01, subd. 1(5) provides that the prosecutor "shall" inform defense counsel of defendant's record and that of any disclosed defense witnesses known to the prosecutor provided defense counsel informs the prosecutor of any such records known to the defendant.

occasions that only convictions, not arrests or accusations, may be used to impeach a defendant's credibility. *State v. Michaelson,* 298 Minn. 524, 214 N.W.2d 356 (1973). Further, as this court made clear in *State v. Williams,* 297 Minn. 76, 210 N.W.2d 21 (1973), a prosecutor should inquire about specific prior crimes only when he can produce evidence, such as a certified copy of the judgment of conviction, to rebut the denial.

Even a "fishing expedition" such as this one, where the prosecutor apparently did not have any idea one way or the other whether defendant had any prior convictions, is highly improper. This is particularly true where the conference at the bench may have suggested to the jury that defendant did have prior convictions which were being held inadmissible. We find the question to be error, error which might well require reversal in a close case, but we do not find such prejudice in this case. * * *

We emphasize again, however, that prosecutors must take precautions so that errors of this kind do not occur. Under the new Rules of Evidence the proper procedure in all cases would be to have a hearing outside the presence of the jury, and preferably before trial, on the matter of which convictions will be usable to attack credibility. See Rules 103(c) and 609, Rules of Evidence; 3 Weinstein & Berger, Weinstein's Evidence, pp. 609–79 to 609–80.3. See, also, *State v. Smith,* 261 N.W.2d 349 (Minn.1977). If that procedure is followed, we will not have problems like those presented in *Michaelson* or *Williams* or like that presented here.

268 N.W.2d at 564.

 In other areas of cross-examination of the defendant and defense witnesses, we also have cautioned against the use of surprise by

the prosecutor and have emphasized that the prosecutor may not make insinuations on cross-examination that the prosecutor cannot back up with admissible evidence (even if the rules do not allow admission of the evidence to back up the insinuation if the defendant denies it). The standard is not whether the prosecutor actually thereafter calls a witness to support his insinuations, but whether there is a factual predicate for the questions in that the prosecutor *is able* to produce extrinsic evidence to support the insinuating cross-examination. *State v. Eaton,* 292 N.W.2d 260, 268 (Minn.1980); *State v. Stofflet,* 281 N.W.2d 494, 496–97 (Minn.1979).

The effect of the court of appeals' decision in this case is to deny a testifying criminal defendant protection from unfair surprise and insinuation in an area where the defendant is particularly vulnerable. Typically, a criminal defendant who has been convicted of prior crimes knows it and knows that the state will want to use those convictions to impeach the defendant's credibility if the defendant testifies, and yet the defendant is given the procedural protections we have summarized. Prior misconduct not resulting in a criminal prosecution or conviction, on the other hand, has not gone through the "judicial refining process" and Rule 608(b) impeachment is "potentially far more open-ended and prejudicial than the use of convictions under rule 609." John R. Schmertz, Jr., *The First Decade Under Article VI of the Federal Rules of Evidence,* 30 Vill.L.Rev. 1367, 1425–26 (1985). As a result of the court of appeals' decision, a criminal defendant may have no way of anticipating that the prosecutor will try to impeach the defendant or a defense witness by asking an insinuating question about specific prior conduct. Nor, under the decision, is the prosecutor required to *be able* to produce extrinsic evidence to support the insinuating cross-examination.[3]

**3.** In an important case [*Michelson v. United States,* 335 U.S. 469, 481, 69 S.Ct. 213, 221, 93 L.Ed. 168 (1948)], the Supreme Court recognized that character may be impugned simply by asking questions regarding specific behavior, since a string of denials may leave a witness effectively impeached. Particularly if the witness is a party, and perhaps especially if he is a criminal defendant, asking questions about

misconduct for purposes of suggesting untruthful disposition is proper only if the questioner has a reasonable basis for the line of inquiry. On request by a party interested in protecting the witness (and probably on its own initiative if no request is forthcoming), the court should ask the questioner outside the jury's hearing to explain the basis for the questions, requiring a reasonable or good faith basis to think the

The practical effect of the court of appeals' articulation of its decision affirming defendant's conviction is that a criminal defendant must "be prepared to disprove every alleged act of his life." 3A John H. Wigmore, *Evidence* § 979, at 827 (James H. Chadbourn rev.1970).[4]

As the advisory committee comment to Rule 608(b) states, the pre-rules practice was that "In criminal cases the courts have been somewhat reluctant to permit such evidence if it tends to involve matters that might prejudice the jury. *See State v. Haney*, 219 Minn. 518, 520, 18 N.W.2d 315, 316 (1945)." Minn.R.Evid. 608(b) advisory committee cont. (West 1980). In the *Haney* case this court, through Justice Matson, said:

> In the discretion of the trial court, as an exception to the rule [that the evidence against the accused should be confined to the specific offense], evidence as to independent and disconnected acts may be received for the specific purpose of affecting the credibility of the accused if its effect upon credibility is not too remote or if its probative value is not outweighed by the risk that its admission will (a) necessitate undue consumption of time, or (b) create a substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or (c) if it does not unfairly surprise the accused when he has not had reasonable ground to anticipate that such evidence would be offered.

*Id.* at 520, 18 N.W.2d at 316.

In this case, the defense apparently had no notice that the prosecutor intended to cross-examine defendant on the subject in question, and the prosecutor's "offer of proof" constituted nothing other than the same assertion the prosecutor made to the jury in the question. The proper approach would have been for the prosecutor to give pretrial notice, which would have given the defendant an opportunity to request a hearing on the issue before making a decision as to whether or not to testify. At such a hearing the prosecutor should have had a copy of the allegedly false affidavit so that she could have shown the trial court that there was a legitimate basis for cross-examining the defendant about the incident in question.[5]

■ In summary, we hold that the prosecutor in a criminal case generally may not cross-examine a defendant or defense witnesses pursuant to Minn.R.Evid. 608(b) about prior misconduct unless (a) the prosecutor has given the defense notice of intent to cross-examine pursuant to the rule, (b) the prosecutor is able to provide the trial court with sufficient evidentiary support justifying the cross-examination, and (c) the prosecutor establishes that the probative value of the cross-examination outweighs its potential for creating unfair prejudice to the defendant.

Affirmed.

---

conduct occurred (a notion very close to probable cause).

3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence,* § 265, at 170–171 (2nd ed.1994) (footnotes omitted).

**4.** As also stated by Wigmore, "[The] unfairness here lies in the fact that the opponent who desired by other witnesses to impeach by particular instances of misconduct might allege them as of any time and place that he pleased, and that, in spite of the utter falsity of the allegations, it would be practically impossible for the witness to have ready at the trial competent persons who would demonstrate the falsity of allegations that might range over the whole scope of his life." *Id.* at 826.

**5.** The state argues on appeal that it did not have to be able to prove defendant's specific prior conduct because under Rule 608(b) the state may not generally prove the witness' prior conduct by extrinsic evidence if the witness denies the insinuation. As we indicated earlier, regardless of whether or not the state is allowed to prove the prior conduct by presenting extrinsic evidence to the jury, the state must *be able* to satisfy the trial court that there is a valid basis for the insinuation on cross-examination.